Because the trial court did not abuse its discretion, I respectfully dissent.
The trial court reviewed the statutory factors under R.C.2953.52 and determined that the government's interest in maintaining the official records in this case outweighed the interests of appellant in having the records sealed. The trial court held a hearing on appellant's application. At the hearing the state objected to the sealing of the record and presented evidence that five separate complaints were filed regarding appellant exposing himself. The public indecency that he was charged with related to appellant's alleged exposure of his penis and buttocks in a playground area in the presence of children.
Appellant testified at the hearing that he intended to pursue a law enforcement career and wanted to have the records sealed because of this.
The trial court balanced the competing interests and in its discretion felt the application should be denied. Such a "balancing test" should be left to the trial court absent an abuse of discretion. I cannot say the decision of the trial court was "unreasonable, arbitrary, or unconscionable." I would affirm.